# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAHUZA MOHAMMED, :
:
    Petitioner, :
:
  v. : No.: 4:16-CV-1971
:
ICE, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### JULY 6, 2017

**I.    BACKGROUND**

Yahuza Mohammed filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. ICE is named as the sole Respondent.[1] Service of the petition was previously ordered.

Petitioner describes himself as being a native and citizen of the Republic of Ghana who entered the United States as a non-immigrant seeking asylum on or about September 29, 2015. On March 3, 2016, an immigration judge denied

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. *See* 28 U.S.C. § 2242. Accordingly, the Warden of the York County Prison will be deemed the Respondent.

-1-

Mohammed's application for asylum and withholding of removal and ordered his removal.

According to the Petitioner, he has been detained by ICE since his September 29, 2015 arrival in the United States. It is alleged that ICE has been unable to deport Mohammed to Ghana in a timely manner. Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001). As relief, Mohammed seeks his immediate release pursuant to an order of supervision.

## II. DISCUSSION

On June 14, 2017, Respondent filed a "Suggestion of Mootness." Doc.11, p. 1. The submission states that Petitioner was removed to Ghana on June 13, 2017. *See id*. Accordingly, Respondent contends that since Mohammed has been removed from the United States, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Mohammed sought his immediate release from ICE detention. *See* Doc. 1, p. 8. Since Petitioner was removed to Ghana on June 13, 2017 and is no longer being detained by ICE, under the principles set forth in *Steffel*, the instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge